UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**LISSET FARFAN,**

**Plaintiff,**

**v.** **Case No. 6:25-cv-717-CEM-RMN**

**FLORIDA COMMISSION ON HUMAN RELATIONS, CF MILAN, LLC, JOHN CADDEN RENTAL HEROES PROPERTY MANAGEMENT, LLC, and COUNTRY WALK AT ALTAMONTE SPRINGS CONDOMINIUM ASSOCATION, INC.,**

**Defendants.**
_________________________________/

**ORDER**

THIS CAUSE is before the Court on Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 11). The United States Magistrate Judge issued a Report and Recommendation ("R&R," Doc. 12), recommending that the Motion be denied, that Plaintiff's Complaint (Doc. 1) be dismissed as a shotgun pleading, and that Plaintiff be given leave to amend. Plaintiff filed Objections (Doc. 13) and an Amended Complaint (Doc. 15). For the reasons set forth below, the R&R will be adopted.

Pursuant to 28 U.S.C. § 636(b)(1), when a party makes a timely objection, the Court shall review *de novo* any portions of a magistrate judge's R&R concerning specific proposed findings or recommendations to which an objection is made. *See also* Fed. R. Civ. P. 72(b)(3). *De novo* review "require[s] independent consideration of factual issues based on the record." *Jeffrey S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990) (per curiam). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Here, the Magistrate Judge determined that Plaintiff's Complaint constituted a shotgun pleading and was due to be dismissed. As a result, the R&R recommends that Plaintiff's Motion be denied. It also recommends that Plaintiff be given an opportunity to amend and to file a renewed motion to proceed *in forma pauperis*. Plaintiff objects both to the characterization of her Complaint as a shotgun pleading and to the denial of her Motion because she has established that she is a pauper.

"The failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" *Beckwith v. Bellsouth Telecomms. Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005) (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1029–30 (11th Cir. 2001)). The Eleventh Circuit has defined four types of shotgun pleadings. "The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of

all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015). The second most common type "is a complaint that . . . is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id*. at 1322. "The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief." *Id*. at 1322–23. "Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id*. at 1323.

The biggest problem with Plaintiff's Complaint is that for most allegations, it does not specify who took the complained of actions and often refers to Defendants collectively. For example, Plaintiff groups together all Defendants other than the Florida Commission on Human Relations together as "housing providers and decision-makers," without explaining each party's role.[1] (Doc. 1 at 1). She also alleges that she requested an accommodation and that the accommodation was

[1] Plaintiff provides some clarification in a Declaration attached to her Objections (Doc. 13-1), but she cannot amend her complaint in this way. And even in this additional filing, Plaintiff groups together "Defendants" as responsible for many actions without specifying which Defendant did what or how they can be held responsible for the actions of others. (Doc. 13-1 at 3–4).

denied, but she does not specify to whom she made the request or who denied it. Additionally, each claim does not specify which Defendant it is brought against and appears to allege collective liability without explanation.

Along with these issues, Plaintiff's claims are vague and conclusory. Each claim makes a conclusory statement of liability and then cites legal authority that Plaintiff presumably believes supports her claims. However, a complaint must provide the factual allegations sufficient to state a claim, it is not the place for legal argument. *See Arrington v. Green*, 757 F. App'x 796, 798 (11th Cir. 2018) (affirming the dismissal of a complaint as a shotgun pleading where it contained "scattered legal arguments, legal standards, legal conclusions, and even (incomplete) citations to legal authorities" but lacked sufficient factual allegations). Thus, the Court agrees with the R&R that the Complaint constitutes a shotgun pleading.

Plaintiff also objects to the denial of her Motion because she has established that she is a pauper. The R&R determined Plaintiff was a pauper. But that is not the end of the inquiry to determine whether an individual can proceed *in forma pauperis*. The Court must also determine whether the Complaint is, among other things, frivolous or fails to state a claim. 28 U.S.C. § 1915(e)(2)(B). And if so, the Complaint must be dismissed, resulting in the denial of a motion to proceed *in forma pauperis*. *See id.* Because the Court has determined that Plaintiff's Complaint is a shotgun pleading and due to be dismissed, Plaintiff is not permitted to proceed *in*

*forma pauperis* at this time. However, as explained in the R&R, Plaintiff will be permitted to file an amended complaint and to file a renewed motion to proceed *in forma pauperis*.

After the issuance of the R&R, Plaintiff filed an Amended Complaint (Doc. 15). However, that pleading appears to be based on an entirely different issue, naming an entirely different Defendant and not naming the Defendants in this case. Indeed, it mirrors an Amended Complaint Plaintiff filed in another case she has pending, *Farfan v. Clerk of Court, Seminole Cnty., Fla.*, 6:26-cv-00281-AGM-NWH, Doc. 13. Therefore, the Court infers that the filing in this case was accidental. As such, the Amended Complaint in this case will be stricken, and Plaintiff will be permitted to file another Amended Complaint here. *Nezbeda v. Liberty Mut. Ins. Corp.*, 789 F. App'x 180, 183 (11th Cir. 2019) ("[A] district court generally must permit a pro se plaintiff to amend his or her complaint at least once before *sua sponte* dismissing claims on shotgun pleading grounds.").

Accordingly, after review in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72, the Magistrate Judge's recommended disposition is accepted. Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation (Doc. 12) is **ADOPTED** and made a part of this Order.

2. Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 11) is **DENIED**.
3. The Amended Complaint (Doc. 15) is **STRICKEN**.
4. **On or before November 27, 2026**, Plaintiff may file an Amended Complaint that Complies with this Order and the Report and Recommendation.
5. **Also on or before November 27, 2026**, Plaintiff shall either file a renewed motion to proceed *in forma pauperis* or pay the filing fee.
6. Failure to comply fully with this Order will result in the closure of this case without further notice.

**DONE** and **ORDERED** in Orlando, Florida on November 6, 2026.

CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Party